IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 03 2020
JAMES W. McCORMACK, CLERK
By: DEP CLERK

**KOREY GRAHAM** PLAINTIFF

vs. Case No. 4:20-cv-703-BSM

**OLAMETER CORPORATION** DEFENDANT

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Korey Graham ("Plaintiff"), by and through his attorneys Chris Burks and Brandon Haubert of WH LAW PLLC, and for his Original Complaint against Olameter Corporation ("Defendant"), he hereby states and alleges as follows:

## I. JURISDICTION AND VENUE

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII") and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("ACRA") ("Arkansas Civil Rights Act" or "ACRA") for discrimination on the basis of race.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under Title VII.

This case assigned to District Judge Miller
and to Magistrate Judge Ray

3. This Complaint also alleges violations of the Arkansas Civil Rights Act which form part of the same case or controversy and arise out of a common nucleus of operative facts as the Title VII claims alleged in this Complaint.

4. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein where committed, and had their principal effect, within the Eastern District of Arkansas, Central Division, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

6. Plaintiff Korey Graham is a citizen of the United States and a resident of and domiciled in the State of Arkansas. At all times relevant to the allegations in this Complaint, Plaintiff was employed by Defendant as a Meter Reader.

7. Defendant is an employer within the meanings set forth and applicable to federal and state laws, and was, at all times relevant to allegations in this Complaint, Plaintiff's employer.

8. At all times material herein, Plaintiff was entitled to the rights, protections and benefits provided under Title VII and the ACRA.

9. Defendant provides field personnel and data management services for over 250 utilities in the United States and Canada.

10. Defendant is an "employer" within the meanings set forth in Title VII and the Arkansas Civil Rights Act, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

11. Defendant can be served through their registered agent for service of process in Arkansas, the Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring St., Little Rock, Arkansas, 72201.

12. At all times relevant to this action, Defendants were Plaintiff's employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Arkansas Civil Rights Act of 1993, A.C.A. § 16-123-101, *et seq*.

13. At all times relevant to this action, Defendants were an employer subject to the anti-discrimination provisions of Title VII and the ACRA.

## III. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Plaintiff is African-American.

16. Plaintiff was hired by Defendant to work as a Meter Reader.

17. Plaintiff did a good job for Defendant and had no real job-performance issues. Plaintiff's supervisor consistently approved of his work.

18. On July 23, 2019, Plaintiff was working for Defendant by servicing its client Entergy.

19. Defendant claims that Entergy subsequently barred Plaintiff from working on Entergy projects as a result of a disagreement that happened on July 23, 2019.

20. Defendant further claims that it offered Plaintiff another position for Defendant as a result of the July 23, 2019 disagreement with an Entergy employee.

21. However, Defendant did not actually follow through with offering another position to Plaintiff, nor did Defendant itself look into any of the circumstances of the July 23, 2019 disagreement to see if race was a motivating factor in Entergy or its employees actions.

22. Instead, Defendant merely adopted Entergy's security statements, and proceeded to terminate Plaintiff with no proof that Plaintiff turned down another position for Defendant.

23. Other Caucasian employees of Defendant involved in similar incidents were not fired, and Defendant did their own investigation with their own interviews into their allegations.

24. Further, there were Caucasian employees of Defendant with equal or less tenure than Plaintiff who were not discharged when, after Defendant did their own investigation with their own interviews, it was determined their current positions or another position with the company should be available to them after lessor or no discipline.

25. Defendant's failure to do its own interviews and investigations, reliance upon a third-party without looking into whether race was a motivating-factor, and discharge policy and practice disparately impacts Defendant's African-American employees.

26. African-Americans are disproportionately terminated and thus disparately impacted and discriminatory treated on the basis of their race by Defendant as a result of Defendant's employment policies and practices.

27. Plaintiff's employment was ended as a direct result of discrimination on the basis of Plaintiff's race and Defendants' intentional and willful disparate treatment of its African-American employees in the workplace.

## IV. FIRST CAUSE OF ACTION
## (Violations of Title VII Anti-Discrimination Provision)

28. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

29. Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII").

30. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII, 24 U.S.C. § 2000e(f).

31. At all relevant times, Defendant was an "employer" of Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e(b).

32. At all relevant times, Defendant has been, and continue to be, an "industry affecting commerce" within the meaning of Title VII, 24 U.S.C. § 2000e(h).

33. At all relevant times, Defendant has engaged in unlawful employment practices against Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e-2(a).

34. Defendant, through its agents and employees, including Plaintiff's supervisor(s), intentionally and willfully discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's race.

35. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

36. Plaintiff's employment with Defendant was ended as a direct result of Defendants' intentional and willful discriminatory policies and procedures that adversely affect African-American and/or minority employees compared as to Caucasian employees.

37. Further, Defendant's policies and procedures disparately impact African-American and/or minority employees compared as to Caucasian employees.

38. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that he had been discriminated against by Defendants on the basis of his race.

39. Plaintiff received a right to sue letter and Plaintiff is within his ninety (90) days to file suit against Defendant.

40. As a result of Defendant's violations of Title VII, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and for any emotional harm, and punitive damages.

## V. SECOND CAUSE OF ACTION
## (Violations of the ACRA Anti-Discrimination Provisions)

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiff brings this action against Defendant under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("Arkansas Civil Rights Act" or "ACRA").

43. Defendant intentionally and disparately discriminated against Plaintiff and other African-American and minority employees on the basis of their race in violation of A.C.A. § 16-123-107.

44. Claims brought under the ARCA are governed by the same standards as Title VII claims. *Clegg v. Ark. Dep't. of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007).

45. As more fully described hereinabove, Defendant, through its agents and employees, including Plaintiff's supervisor(s), discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's race.

46. As a result of Defendant's violations of the ACRA, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Korey Graham respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. For an order of this Honorable Court entering judgment in his favor against Defendant, for his actual economic damages in an amount to be determined at trial, and compensation for wages lost;

C. For punitive damages;

D. For his attorney's fees, costs, pre-judgment interest; and

E. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**KOREY GRAHAM,**
**PLAINTIFF**

WH LAW, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: ______________________
Chris W. Burks (ABN: 2010207)
chris@whlawoffices.com